## CHRIS LOVE, JR., v. THE STATE.

No. 5294. Decided February 12, 1919.

Reached Reporter March 12, 1919.

**Murder—Manslaughter—Sufficiency of the Evidence—Charge of Court.**

This court has held that the court below was not in error in submitting the issue of manslaughter, when the facts may have only showed self-defense or murder, in the absence of exceptions to the charge of the court.

Appeal from the District Court of Brazoria. Tried below before the Hon. Sam'l J. Styles, judge.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Masterson,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of court's charge on manslaughter: Johnson v. State, 73 Texas Crim. Rep., 133.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at four years confinement in the penitentiary.

His contention is that the evidence did not justify the court in submitting the issue of manslaughter, and that the verdict is not supported by the facts. There were no exceptions reversed to the charge of the court. Under the recent case of Borrer v. State, 204 S. W. Rep., 1003, this court held that the court was not in error in submitting the issue of manslaughter when the facts may have only showed self-defense, or murder as there was no exception to the charge of the court. This court held under those circumstances appellant could not take advantage of the supposed error in court's charge. For a discussion of that matter we refer to the Borrer case, supra. We are not in position however to hold that had an exception been reserved, the issue of manslaughter was not in the case. It would serve no practical purpose to review the testimony under the circumstances of this case.

The judgment will be affirmed.

*Affirmed.*